639 So.2d 1067 (1994)
Samuel N. REESE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-0762.
District Court of Appeal of Florida, Fourth District.
July 13, 1994.
Richard L. Jordanby, Public Defender, Ellen Morris and Tanja Ostapoff, Asst. Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Coburn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
*1068 STEVENSON, Judge.
Samuel N. Reese appeals his convictions and sentences for the sale and possession of cocaine. We affirm the convictions but reverse the sentences. We agree with appellant that the trial court erred in considering argument by the state at the sentencing hearing that appellant was a principal in other drug transactions where no evidence to support the argument was placed in the record.
During the sentencing hearing, the state informed the trial judge that the appellant had shown up in other drug sting operations videos which had been filmed by the Fort Pierce Police Department. The prosecutor stated that "Mr. Reese did appear in other cases. The state did not have a prima facie case to proceed against him on multiple counts, however, he was present and certainly was a principal in other cases." The trial court overruled the defense objection and stated that the argument was proper and would be considered for sentencing purposes.
We hold that unsubstantiated allegations of misconduct may not be considered by a trial judge at a criminal sentencing hearing and to do so violates fundamental due process. In the present case, there was no evidence placed in the record to support the state's allegations. This court has held that a trial judge may consider other arrests at sentencing hearings if the defendant is given the opportunity to explain or offer evidence on the issue. Jansson v. State, 399 So.2d 1061 (Fla. 4th DCA 1981). Likewise, the presentence investigation report prepared by the Department of Corrections may contain the offender's prior arrest record. § 921.231(1)(c), Fla. Stat. However, the unsupported speculations offered by the state in this case go far beyond what was approved in Jansson and allowed in the presentence investigation report.
Because we cannot determine whether the appellant's sentence was influenced in any way by the consideration of the improper argument, we remand for resentencing by a different judge.
Affirmed in part, reversed in part and remanded.
ANSTEAD and KLEIN, JJ., concur.