PER CURIAM.
Yeshuwa Yisrael seeks review of his sentence for familial or custodial sexual battery. We vacate the 30-year sentence and remand for sentencing before a different judge because the trial court’s remarks before pronouncing the sentence are reasonably construed as impermissible comments on charges for which Yisrael has not been tried, amounting to a denial of due process and fundamental error.
Fundamental error occurs where a trial court considers constitutionally impermissible factors when imposing a sentence. See, e.g., Nawaz v. State, 28 So.3d 122, 124-25 (Fla. 1st DCA 2010) (finding fundamental error where trial court appeared to base sentence partly on defendant’s national origin); Jackson v. State, *1178 39 So.3d 427 (Fla. 1st DCA 2010) (finding fundamental error where court appeared to be punishing the defendant for failure to show remorse for a crime in which he denied involvement).[1] Consideration of pending or dismissed charges during sentencing results in a denial of the defendant’s due process rights. See Gray v. State, 964 So.2d 884 (Fla. 2d DCA 2007) (trial court improperly considered pending charges during sentencing); Seays v. State, 789 So.2d 1209, 1210 (Fla. 4th DCA 2001) (trial court improperly considered pending attempted murder charge, of which the defendant was ultimately acquitted); cf. State v. Potts, 526 So.2d 63 (Fla. 1988) (“The state through its criminal process may not penalize someone merely for the status of being under indictment or otherwise accused of a crime, as it has attempted to do here.”).
At the sentencing hearing, the trial court questioned Yisrael about two other charges for sexual battery (one pending and the other dismissed because, according to the prosecution, the victim would not testify):
THE COURT: Okay. Well, what do you have to say about yourself, about these other children too that didn’t want to testify against you, are they just lying or something?
THE DEFENDANT: Yes, Your Honor, they will lie for whatever reasons, disciplinary actions or whatever.
THE COURT: All right. So you didn’t rape these other children?
THE DEFENDANT: No, sir.
THE COURT: What about the jury found you guilty of the rape of the mid-die child, what do you have to say about that?
Shortly after questioning Yisrael, the court imposed the maximum authorized sentence of 30 years with the following additional remark on the other charges:
There [are] other victims apparently that don’t want to testify. So the Court is going to sentence you to 30 years’ Florida State Prison with mandatory court costs.
The court’s remark that there were “other victims apparently that don’t want to testify,” made immediately before pronouncing sentence, and his question to Yisrael whether he “rape[d] these other children” strongly indicate that the dismissed and pending charges were a factor in the court’s determination to impose the maximum allowable sentence.
Although the evidence in this ease may provide more than ample justification for the sentence imposed on Yisrael, and our remand in no way precludes this or some equivalent sentence, we are not convinced that the trial court would have imposed the same sentence absent consideration of these impermissible factors. We are required, therefore, to reverse the sentence and remand for resentencing before a different judge.
REVERSED and REMANDED with instructions.
VAN NORTWICK, WETHERELL, and ROWE, JJ., concur.

. Because Yisrael asserts fundamental error during the sentencing process and not an error in the sentencing order itself, he was not required to file a motion pursuant to Florida Rule of Criminal Procedure 3.800(b) before raising fundamental error in this appeal. See Nawaz v. State, 28 So.3d at 124-25 (finding that although a defendant challenging a sentencing error must generally file a motion under rule 3.800(b) in order to raise fundamental error on appeal, the rule only applies if the alleged error is in the sentencing order; the rule does not apply to an alleged error in the sentencing process).