PER CURIAM.
Khambriel Fluker has petitioned for a writ of habeas corpus alleging ineffective assistance of appellate counsel. Fluker asserts that his appellate counsel was ineffective for failing to argue that an instruction given to the jury was erroneous pursuant to State v. Montgomery, 89 So.3d 252 (Fla.2010). Fluker’s direct appeal was not concluded until well after Montgomery *504 was decided. We agree that appellate counsel for the direct appeal (the Criminal Conflict and Civil Regional Counsel) was ineffective for failing to raise this issue. We therefore grant the petition and remand for a new trial.
The state asserts that an argument similar to the one it raises in its response here is being considered by the Florida Supreme Court in Daniels v. State, SC11-2170 (review granted Feb. 3, 2012) (oral argument Aug. 2, 2012). In view of this similarity, at the state’s request, we also certify the following question:
WHETHER A MANSLAUGHTER INSTRUCTION, ALTHOUGH ERRONEOUS UNDER State v. Montgomery, 39 So.3d 252 (Fla.2010), AND ITS PROGENY, BUT WHICH NEVERTHELESS, BASED ON THE FACTS AND EVIDENCE PRESENTED AT TRIAL, ENABLES THE JURY TO EXERCISE ITS JURY PARDON POWER, CONSTITUTES FUNDAMENTAL ERROR.
Petition granted; question certified; and remanded for new trial.