LEVINE, J.
Appellant presents two issues on appeal: that the trial court erred in admitting the videotape of the victim’s identification of appellant from a photo lineup and that the trial court erred by considering, during sentencing, his membership in a criminal gang. We find both issues to be without merit, and as such, we affirm appellant’s convictions for aggravated assault with a firearm and robbery with a deadly weapon.
During trial, the victim testified that he was flagged down by appellant who asked for a ride. When appellant entered the victim’s vehicle, he pulled a gun on the victim. Appellant aimed the gun at the victim and took the victim’s wallet, cash, and cell phone. While exiting the vehicle, appellant stated, “I should’ve killed your ass.” The victim called the police and subsequently identified appellant from a photo lineup.
Over appellant’s objection, the state introduced a video of the victim identifying appellant from the photo lineup. In the video, after the victim identified appellant, the officer asked the victim, “Are you sure?” The victim responded, “On everything I love.” The trial court overruled appellant’s objection to the admission of the video.
Appellant testified and denied any involvement in the robbery of the victim. The jury found appellant guilty of aggravated assault with a firearm and robbery with a deadly weapon.
At the sentencing hearing, appellant admitted on direct examination that he was previously a member of a gang but claimed that he “gave that up.” On cross-examination, appellant objected to the issue of gang membership being brought up, arguing that he was not convicted of a crime related to gang activity. The trial court allowed the testimony of a detective who discussed appellant belonging to a gang connected with criminal activities.
Before pronouncing appellant’s sentence, the trial court stated that although the evidence of gang membership was of some relevance, “I’m frankly not considering it that much.” Based on appellant’s “background, his record, and the evidence adduced at trial,” the trial court sentenced him to life imprisonment with a ten-year minimum mandatory. This appeal ensued.
As to the first issue, we find that the videotape depicting the victim identifying appellant from a photo lineup was not admitted in error. Although appellant claims that the videotape was inadmissible hearsay, a statement of identification is not hearsay if it is “made after perceiving the person” and “if the declarant testifies at the trial ... and is subject to cross-examination concerning the statement.” § 90.801(2)(c), Fla. Stat. In the present case, the victim perceived appellant by identifying him from a lineup, and the victim subsequently testified at trial and was subject to cross-examination.
Further, appellant also objects to the words spoken by the victim on the videotape when the officer asked the victim, “Are you sure?” and the victim responded by saying, “On everything I love.” The fact that the video documents the victim’s certainty about his identification of appellant makes it no different than when an officer testifies to any statement made by the victim as to the certainty of the victim’s identification of the suspect perpetrator. See, e.g., Carter v. State, 28 So.3d 1238, 1245 (Fla. 4th DCA 2009) (officer testified that when victim saw appellant’s picture, victim immediately recognized him *903 and told the officer “he was one-hundred percent positive that appellant was his assailant”).
As to the second issue, we find that the trial court did not err in allowing the testimony regarding appellant’s gang membership. Although a “sentencing court ... must be permitted to consider any and all information that reasonably might bear on the proper sentence,” such discretion is limited. Howard v. State, 820 So.2d 837, 340 (Fla. 4th DCA 2002) (citation omitted). For example, “unsubstantiated allegations of misconduct may not be considered ... at a criminal sentencing hearing.” Reese v. State, 639 So.2d 1067, 1068 (Fla. 4th DCA 1994).
Appellant relies on Reese, where this court held that it was improper for the state to argue during the sentencing hearing that the appellant had appeared in other drug sting operation videos, where no evidence was placed in the record to support this allegation. Because it could not be determined whether the appellant’s sentence was influenced by the improper argument, this court remanded for resen-tencing. Unlike in Reese, in the instant case appellant’s gang membership was not a mere unsubstantiated allegation. Appellant testified on direct examination and cross-examination that he had been a member of a gang. Photographs were also introduced into evidence depicting appellant with other known gang members and wearing accessories and making hand signs associated with the gang.
The admissibility of gang membership during the sentencing phase was addressed by the United States Supreme Court in Dawson v. Delaware, 503 U.S. 159, 112 S.Ct. 1093, 117 L.Ed.2d 309 (1992). Dawson held that it was unconstitutional to consider the defendant’s membership in a racist prison gang where his membership had no relevance to the crime, which was not racially motivated, and there was no evidence that the gang engaged in criminal activity. The Court recognized, however, that the Constitution does not erect a per se barrier to the admission of evidence at sentencing regarding gang membership. The Court stated, “In many cases, for example, associational evidence might serve a legitimate purpose in showing that a defendant represents a future danger to society.” Id. at 166, 112 S.Ct. 1093.
As required by Dawson, here the state introduced evidence not only of appellant’s membership in the gang, but also evidence that the gang engaged in criminal activity. This type of membership in a criminal gang is the type of associational evidence that the Supreme Court viewed as relevant and permissible in Dawson. Further, this was but one factor considered by the court and given limited weight. Given these circumstances, we find no error.

Affirmed.

MAY, C.J., and STEVENSON, J., concur.