BENTON, J.
Justin A. Martinez petitions for writ of habeas corpus, contending that he received ineffective assistance of counsel on direct appeal of his sentence for attempted second-degree murder. During his sentencing hearing, he maintains, the trial court relied on purported facts not proven (or even at issue at trial — and not established otherwise), thereby denying him due process. Petitioner contends that this amounted to fundamental error, and that appellate counsel was ineffective for not raising the error as a point on direct appeal. We grant the writ.
Ineffective assistance of appellate counsel claims are properly raised by petitions for writs of habeas corpus filed directly in the appeals court. See Rutherford v. Moore, 774 So.2d 687, 643 (Fla.2000). Under Florida Rules of Appellate Procedure 9.100 and 9.141(d), our jurisdiction to issue such writs is clear. The rules of decision governing ineffective assistance of appellate counsel claims parallel those laid down in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) for ineffective assistance of trial counsel claims. See Rutherford, 774 So.2d at 643. To prevail, the petitioner must show that appellate counsel’s performance was so deficient as to fall “ ‘measurably outside the range of professionally acceptable performance’ and that the petitioner was prejudiced as a result because the deficiency “ ‘compromised the appellate process’ ” to the extent of undermining confidence in the result of the appeal. Id. (quoting Thompson v. State, 759 So.2d 650, 660 (Fla.2000)).
*703 Appellate counsel cannot be deemed to have performed deficiently for failing to raise an issue trial counsel did not preserve for appeal, see Dennis v. State, 109 So.3d 680, 702 (Fla.2012), unless fundamental error infected the trial court proceedings. See id.; Derrick v. State, 983 So.2d 443, 464 (Fla.2008); Branch v. State, 952 So.2d 470, 481 (Fla.2006). On the other hand, because fundamental error is reviewable on direct appeal even in the absence of a contemporaneous objection in the trial court, appellate counsel’s failure to argue fundamental error, despite trial counsel’s dereliction, has been held to constitute ineffective assistance of counsel. See Spagnolo v. State, 116 So.3d 599, 605 (Fla. 5th DCA 2013) (granting new trial on one count); Fluker v. Buss, 112 So.3d 503, 503-04 (Fla. 3d DCA 2012) (ordering new trial); Alexis v. State, 112 So.3d 144, 145 (Fla. 1st DCA 2013) (ordering second appeal); Cummings v. State, 103 So.3d 1048, 1048 (Fla. 2d DCA 2013) (ordering new trial); Riley v. State, 25 So.3d 1, 3-4 (Fla. 1st DCA 2008) (reversing conviction and sentence and remanding for new trial on one count).
On direct appeal, before filing an initial brief, moreover, appellate counsel can file a motion under Florida Rule of Criminal Procedure 3.800(b)(2) to preserve many sentencing errors. See Fortner v. State, 23 So.3d 1275, 1276 (Fla. 2d DCA 2010) (“A claim that counsel was ineffective in failing to file a rule 3.800(b)(2) motion to correct sentencing error when the sentence imposed is not authorized by law is cognizable in a petition alleging ineffective assistance of counsel.”); Mack v. State, 955 So.2d 51, 55 (Fla. 1st DCA 2007) (deciding that, because appellate counsel could have preserved Apprendi issue by filing 3.800(b)(2) motion before the first brief was served, it is no defense to petitioner’s claim of ineffective assistance that appellate counsel (like trial counsel) failed to do so”). See also Anderson v. State, 988 So.2d 144, 146 (Fla. 1st DCA 2008) (“[G]iven that ... the issue could have been raised by rule 3.800(b)(2) motion, ... appellate counsel’s failure to do so constitutes ineffective assistance.”); Flowers v. State, 965 So.2d 1233, 1234 (Fla. 1st DCA 2007) (same); Jones v. State, 964 So.2d 855, 856-57 (Fla. 2d DCA 2007) (“Appellate counsel’s failure to preserve this sentencing error for appellate review by way of a rule 3.800(b)(2) motion constitutes ineffective assistance of counsel.”); Evans v. State, 904 So.2d 638, 639 (Fla. 1st DCA 2005) (concluding Evans satisfied his burden of demonstrating entitlement to relief because “his appellate counsel was ineffective for failing to preserve the sentencing error by motion pursuant to rule 3.800(b)(2)”).
A sentence within statutory limits like petitioner’s is generally unassailable on appeal. See Howard v. State, 820 So.2d 337, 339 (Fla. 4th DCA 2002). But a sentence cannot stand, at least on direct appeal, if the sentencing judge considered constitutionally impermissible factors in arriving at the sentence. See Yisrael v. State, 65 So.3d 1177, 1178 (Fla. 1st DCA 2011). Relying on pending or dismissed charges, in effect deeming such charges established without proof or a conviction, violates a defendant’s right to due process. See id. Taking “unsubstantiated allegations of wrongdoing” as established fact violates due procéss. See Reese v. State, 639 So.2d 1067, 1068 (Fla. 4th DCA 1994).
When the prosecutor in Reese v. State informed the sentencing judge that the state had filmed the defendant participating in other, uncharged crimes, see id. at 1068, and the court indicated it would consider the uncharged crimes in sentencing the defendant, see id., the Fourth District held that, where “there was no evi *704 dence placed in the record to support the state’s allegations,” deeming the allegations established for sentencing purposes violated the defendant’s right to due process. Id. Because a sentence based on mere allegation or surmise violates the fundamental constitutional rights of the defendant, it is renewable as fundamental error even in the absence of a contemporaneous objection. See Nawaz v. State, 28 So.Sd 122, 124 (Fla. 1st DCA 2010).
The state introduced no evidence in the present case that drugs had anything to do with petitioner’s crime. The state’s unsupported allegations cannot serve as evidence of drug possession. See Eight Hundred, Inc. v. Fla. Dep’t of Revenue, 887 So.2d 574, 576 (Fla. 1st DCA 2008) (“Representations by an attorney for one of the parties regarding the facts ... do not constitute evidence.”). Mr. Hernandez’s statement that the bag contained “stuff’[1] was highly ambiguous and fell far short of proof of drug involvement the court could consider in sentencing while remaining within the bounds of due process.
But the sentencing judge plainly proceeded on the assumption that a drug transaction had been in progress when the charged offense took place. While agreeing that petitioner met the criteria under the youthful offender statute,[2] the prosecutor asked that he be sentenced instead to the thirty-year maximum. In support, the state misstated the trial record, as follows:
There was testimony from a law enforcement officer that the entire incident occurred based upon two, two and a half pounds of marijuana that was found in the backpack.
When petitioner’s trial counsel pointed out that no evidence of drugs of any kind had been adduced, the trial court mistakenly responded that there were “no actual drugs but there was testimonial evidence that drugs were involved in the incident.” In fact, there was no such testimony, as we know from our own records[3] in Martinez v. State, 80 So.3d 1025 (Fla. 1st DCA 2012), the direct appeal. Petitioner’s trial counsel challenged the sentencing judge’s recollection in a timely fashion, stating: “[TJhere was no evidence to suggest that. I mean, there may have been an inference [as] to drugs but there was no hard evidence .... What was in the car is, you know, it’s questionable.” But the trial court did not acknowledge its mistake and eventually decided:
Okay. So based on everything that I’ve heard here I’m going to adjudicate you *705 guilty. I’m going to sentence you to the 20 year minimum mandatory that’s required [absent sentencing as a youthful offender] in this case.
On direct appeal, we affirmed (per curiam) petitioner’s judgment and sentence in Martinez, 80 So.3d at 1025 (Table). Appellate counsel did not argue that appellant’s sentencing was in any way improper. On the basis of this omission, the pending petition for writ of habeas corpus claims his appellate counsel rendered ineffective assistance. If trial counsel’s exchange with the learned trial judge had not itself been sufficient to preserve the point, appellate counsel would have been under an obligation to file a motion under Florida Rule of Criminal Procedure 3.800(b)(2). See, e.g., Agosto-Molina v. State, 933 So.2d 26, 28 (Fla. 2d DCA 2006) (holding “appellate counsel was ineffective for failing to file a rule 3.800(b)(2) motion to correct sentencing error”).
The trial court’s incorrect statement that there existed “testimonial evidence that drugs were involved” indicated it was considering unsubstantiated allegations in its sentencing decision. The burden thus fell on the state to show that this consideration played no part in the sentence imposed. See Williams v. State, 8 So.3d 1266, 1267 (Fla. 1st DCA 2009); Epprecht v. State, 488 So.2d 129, 130 (Fla. 3d DCA 1986) (“[T]he State has the burden to show from the record as a whole that the trial judge did not rely upon impermissible considerations in passing sentence upon the defendant where portions of the record reflect that the trial judge may have so relied.”); see also Reese, 639 So.2d at 1068 (holding “unsubstantiated allegations of misconduct” an impermissible sentencing factor). The state did not meet this burden. The state’s request for the 10-20-Life sentence was based in part on its allegation that drugs were involved in the crime. The trial court agreed that drug-related testimonial evidence was introduced at trial. Although Petitioner’s counsel sought to correct the error, the court neither acknowledged its mistake nor made any indication that the presence of drugs played no role in its sentencing decision. On the contrary, it stated that the sentence was “based on everything [it had] heard.” The state has not demonstrated that the phantom evidence played no role in the sentencing decision. See Epprecht, 488 So.2d at 130.
In order to establish prejudice, petitioner need only show that the trial court’s error undermines confidence that the sentence was correctly imposed. See Thompson v. State, 990 So.2d 482, 491 (Fla.2008). In the present case, the trial court clearly indicated that it was considering an unsubstantiated factual claim. This undermines confidence in the fairness, regularity and propriety of petitioner’s sentence. We are unable to say he would have received the same sentence, absent the court’s error. In this way, petitioner has shown prejudice.
Although appellate counsel has wide latitude in deciding which issues to raise, omitting a “dead-bang winner” constitutes deficient performance. Page v. United States, 884 F.2d 300, 302-03 (7th Cir.1989); see also Provenzano v. Dugger, 561 So.2d 541, 549 (Fla.1990) (“[C]ounsel need not raise every nonfrivolous issue revealed by the record.”). Appellate counsel performed deficiently by failing to raise the trial court’s uncritical acceptance of the prosecutor’s argument as fact, which led to consideration of constitutionally impermissible sentencing factors. See Ritter v. State, 885 So.2d 413, 414-15 (Fla. 1st DCA 2004). Appellate counsel’s failure to raise the trial court’s error on appeal was deficient performance that prejudiced the ap *706 pellant, petitioner here. As the remedy for appellate counsel’s failure to assert this deprivation of due process as error, we grant the writ, vacate petitioner’s sentence, and remand for resentencing. See Jones v. State, 964 So.2d 855, 857 (Fla. 2d DCA 2007) (“Because a new appeal would be redundant, we reverse Jones’s sentence and remand with directions to the trial court to resentence Jones in accordance with this opinion.”). As in Anderson, 988 So.2d at 146, “we deem a second appeal to be unnecessary.”
The petition for writ of habeas corpus is granted, petitioner’s sentence is vacated and the case is remanded for resentencing.
CLARK, J. concurs.
THOMAS, J., concurs in result only.

. In its opening statement, the prosecutor told the jury they would hear that a bag contained marijuana. But there was no such testimony at trial. In fact, when Mr. Sutton took the stand, he testified that the bag probably contained money. The state’s contention that the bag contained marijuana relies entirely upon testimony that Mr. Hernandez asked petitioner whether he was "going to let him take the stuff like that?” The state argues that the word "stuff" often refers to drugs, and that Mr. Hernandez's use of the term suggested drugs were involved in the crime.

. Although petitioner faced a mandatory minimum of twenty years under the 10-20-Life statute, he was subject to a maximum sentence of only six years if sentenced as a youthful offender. See § 958.04(2), Fla. Stat. (2012); Bennett v. State, 24 So.3d 693, 694 (Fla. 1st DCA 2009) ("[A] trial court has the option of avoiding a 10/20/Life sentence, and may instead impose a youthful offender sentence.”). Petitioner produced several witnesses in support of sentencing him as a youthful offender, including a psychologist, his mother, and his godmother.

."This court is of course entitled to take judicial notice of its own records[.]” Kensler v. State, 890 So.2d 282, 282 n. 1 (Fla. 1st DCA 2004) (Ervin, L, concurring). See e.g., Foxworth v. Wainwright, 167 So.2d 868, 870 (Fla.1964) (holding that courts may take judicial notice of their own records).