LAWSON, J.
Damiroquan McGill appeals his twelve-year sentence for possession of a firearm by a delinquent, which was direct filed and adjudicated in adult court. Although the sentence was below the statutory maximum penalty, McGill correctly argues that the sentencing court violated his due process rights by basing his sentence, at least in part, on improper considerations. See Yisrael v. State, 65 So.3d 1177, 1178 (Fla. 1st DCA 2011) (stating that “[cjonsider-ation of pending or dismissed charges during sentencing results in a denial of the defendant’s due process rights”); Crouse v. State, 101 So.3d 901, 903 (Fla. 4th DCA 2012), (stating that while a sentencing court may consider “any and all information that reasonably might bear on the proper sentence,” it may not consider such constitutionally improper factors as “unsubstantiated allegations of misconduct” (citations omitted)); cf. Jansson v. State, 399 So.2d 1061, 1064 (Fla. 4th DCA 1981) (stating that “a trial court can consider a defendant’s prior arrests not leading to convictions for purposes of sentencing so long as the court recognizes that these arrests are not convictions or findings of guilt, and the defendant is given an opportunity to explain or offer evidence on the issue of his prior arrests”). In this case, the judge’s comments indicate that the sentence was influenced by the judge’s belief that McGill had committed acts of robbery, based solely upon unsubstantiated allegations and prior charges that had not resulted in convictions. In addition, the judge indicated that the sentence was influenced by a belief that McGill was affiliated with a gang. Although this is a proper sentencing consideration, Crouse, *532 101 So.3d at 903, the trial judge improperly relied upon unsubstantiated allegations of McGill’s gang involvement in the form of objected-to hearsay from a police detective. Id.-, see also Jackson v. State, 588 So.2d 1085, 1086 (Fla. 5th DCA 1991) (“Once the truth of the hearsay information presented at the sentencing hearing was specifically disputed, the state was obligated to carry its burden of corroborating the accuracy of the [information].” (citation omitted)).
We reverse McGill’s sentence and remand for a de novo sentencing hearing before a different judge.
REVERSED AND REMANDED FOR RESENTENCING.
PALMER and WALLIS, JJ., concur.