NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STEVEN CHALLIS,                          )
                                         )
              Appellant,                 )
                                         )
v.                                       )        Case No. 2D14-3826
                                         )
STATE OF FLORIDA,                        )
                                         )
              Appellee.                  )
                                         )
_____  )

Opinion filed January 30, 2015.

Petition Alleging Ineffective Assistance
of Appellate Counsel.  Pasco County;
Mary Handsel, Judge.

Steven Challis, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and C. Suzanne Bechard,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

          Steven Challis, in his petition filed under Florida Rule of Appellate

Procedure 9.141(d), alleges that his appellate counsel was ineffective for failing to

argue that the trial court committed fundamental error by inappropriately speculating

during the sentencing proceeding that he was responsible for a number of deaths from

drug overdoses. Because a trial court commits fundamental error when it considers improper factors such as this at sentencing, we grant Mr. Challis's petition.[1]

After a jury trial, Mr. Challis was convicted of three counts of trafficking in hydrocodone, two counts of trafficking in oxycodone, and four counts each of possession of alprazolam, methadone, diazepam, and carisoprodol. At sentencing, the State urged the trial court to sentence Mr. Challis to a total of one hundred years' imprisonment by ordering that the twenty-five-year mandatory minimum terms for counts one through four be served consecutively.[2] The State, detailing the various dates on which undercover officers purchased drugs from Mr. Challis and describing the large quantity of pills and cash in Mr. Challis's possession at the time of his arrest, argued that such a lengthy sentence was appropriate because he was "out there selling to society" and he fled during trial. Defense counsel maintained that consecutive sentences were not appropriate because Mr. Challis, aged thirty-eight, had only one prior felony conviction for an offense that was committed when he was sixteen. Mr. Challis himself argued that he had provided the State substantial assistance in a large drug investigation and in an unsolved murder case in Pasco County. The court rejected the defense arguments. After imposing the one hundred-year sentence requested by the State, the trial court commented as follows:

> Mr. Challis, if you had any information that
> you want to provide and the State finds it useful

---

[1]Because Mr. Challis alleges a fundamental error in the sentencing process rather than in the sentencing order, Florida Rule of Criminal Procedure 3.800(b) does not apply. See Jackson v. State, 983 So. 2d 562, 572-74 (Fla. 2008).

[2]See Kraft v. State, 583 So. 2d 365, 367 (Fla. 4th DCA 1991) ("When multiple offenses are sufficiently separate, occurring at separate times and places, the imposition of consecutive mandatory minimum sentences is appropriate.").

they're more than welcome to come back and ask me to mitigate your sentence at a later date. But, sir, I've done this job for a long time and before that I was a prosecutor.

**I sat through the trial and the amount of pills that you were trafficking in this county, probably accounts for well over 10 to 20 deaths. I've never seen so many pills.** There were boxes and boxes and boxes of pills. So, somehow, someway you were getting these pills. **You were either stealing them or having people forge scripts for them**; I have no idea how you got them. My first thought is how did you obtain all of these pills.

THE DEFENDANT: Over half of them –

THE COURT: Ahh.

THE DEFENDANT: Over half of them I took from my girlfriends [sic]. They were her scripts.

THE COURT: **Well, then your girlfriend should be dead** because I saw boxes and boxes and I heard testimony on the search warrant, how there was this shed with pills in it and that shed with pills in it and this lock box with pills in it and that lock box with pills in it and all those pills went into evidence in this case. You are a major trafficker, was a major trafficker and at this time, I'm going [to] sentence you as such.

(Emphasis added.)

In his petition, Mr. Challis asserts that appellate counsel was ineffective for failing to argue that the trial court's unsupported opinion that his trafficking in prescription drugs probably accounted for well over ten to twenty deaths impermissibly influenced the sentencing decision. Mr. Challis acknowledges that his trial counsel did not object to the court's accusation, but he argues that appellate counsel should have

raised the issue as one of fundamental error. See Jackson v. State, 983 So. 2d 562, 574 (Fla. 2008) ("[A]n unpreserved error may be considered on appeal only if the error is fundamental.").

To establish a claim of ineffective assistance of appellate counsel, Mr. Challis must show that appellate counsel's performance fell " 'measurably outside the range of professionally acceptable performance' " and that counsel's deficient performance prejudiced him by undermining confidence in the result of the appeal. Rutherford v. Moore, 774 So. 2d 637, 643 (Fla. 2000) (quoting Thompson v. State, 759 So. 2d 650, 660 (Fla. 2000)). Because the error alleged by Mr. Challis was not preserved, appellate counsel cannot be deemed ineffective for failing to raise it on appeal unless it is fundamental error. See Downs v. Moore, 801 So. 2d 906, 910 (Fla. 2001). In order to establish fundamental error, Mr. Challis must initially show that the error was harmful or prejudiced him. See Reed v. State, 837 So. 2d 366, 370 (Fla. 2002) ("[A]ll fundamental error is harmful error. However, we likewise caution that not all harmful error is fundamental."); accord Berube v. State, 149 So. 3d 1165, 1168 (Fla. 2d DCA 2014) (noting that under the fundamental error analysis articulated in Reed, "[f]irst, the defendant must show that an unpreserved error is harmful or prejudicial. If that is demonstrated, the defendant must then establish that the error reaches the level of a fundamental error").

"[A] sentence based on mere allegation or surmise violates the fundamental constitutional rights of the defendant . . . [and] is reviewable as fundamental error." Martinez v. State, 123 So. 3d 701, 704 (Fla. 1st DCA 2013); accord Yisrael v. State, 65 So. 3d 1177, 1177 (Fla. 1st DCA 2011) ("Fundamental error occurs

where a trial court considers constitutionally impermissible factors when imposing a sentence."). This is an exception to the rule that a sentence within statutory limits is generally not subject to review. See Nawaz v. State, 28 So. 3d 122, 124 (Fla. 1st DCA 2010).

Many cases addressing a trial court's consideration of impermissible factors in sentencing a defendant involve statements made by the court before sentence was imposed. For example, in Yisrael, the trial court asked the defendant at sentencing whether he had "rape[d] these other children," and it stated that there were other victims who did not want to testify. 65 So. 3d at 1178. Finding that these statements strongly indicated that the trial court's decision to impose the maximum allowable sentence was influenced by dismissed and pending charges, the First District reversed and remanded for resentencing before a different judge. Id.; see also Martinez, 123 So. 3d at 705 (finding that appellate counsel was ineffective for failing to argue that the trial court erred in accepting as fact the State's argument that the murder was over drugs); Reese v. State, 639 So. 2d 1067, 1068 (Fla. 4th DCA 1994) (reversing and remanding for resentencing before a different judge because the State argued at sentencing that Reese was a principal in other drug offenses for which he was not charged and the trial court stated that it would take that into consideration in deciding Reese's sentence); Cook v. State, 647 So. 2d 1066, 1067 (Fla. 3d DCA 1994) (holding that it could not be said from the record as a whole that the trial court did not take impermissible factors into consideration when it stated that the verdict was a jury pardon and was more a tribute to counsel's skills than to the truth); Epprecht v. State, 488 So. 2d 129, 130-31 (Fla. 3d DCA 1986) (reversing and remanding for resentencing before a

different judge because when Epprecht stated that he had never hurt anyone, the trial court retorted by saying, among other things, that when someone like Epprecht was found guilty in so many cases, there were probably many more offenses that he had committed that had not come to the State's attention). But when a trial court's comments during the sentencing hearing indicate that it considered an impermissible factor in imposing sentence, it matters not whether the court made the statement before or after it imposed sentence.

In context, the challenged statement in this case indicates that the trial court would not look favorably on a future motion to mitigate partly due to speculation that Mr. Challis's trafficking "probably account[ed] for well over 10 to 20 deaths." Because it appears that this articulated speculation would influence the trial court's decision on a motion to mitigate, Mr. Challis could rationally believe that the trial court was silently influenced by the same assumption. Cf. Nawaz, 28 So. 3d at 125 ("[F]or justice to be done, it must also appear to be done."). If the trial court's decision about Mr. Challis's sentence was influenced by its speculation that his actions resulted in numerous deaths, this harmed Mr. Challis by violating his due process rights. See Martinez, 123 So. 3d at 703. And because consideration of an improper factor such as uncharged offenses goes to the heart of the sentencing process, the error is fundamental. See Martinez v. State, 933 So. 2d 1155, 1159 (Fla. 3d DCA 2006) ("Fundamental error . . . refers to error that goes to the very heart of the judicial process.").

The record does not demonstrate that the trial court did not inappropriately consider uncharged crimes when imposing Mr. Challis's sentence. If appellate counsel

had raised this issue on appeal, we would have been constrained to reverse. Accordingly, we grant Mr. Challis's petition.  Because a new appeal would be redundant, we reverse Mr. Challis's sentences and remand for a new sentencing hearing before a different judge.  See Anderson v. State, 988 So. 2d 144,146 (Fla. 1st DCA 2008).

Petition granted; reversed and remanded for resentencing.

WALLACE, KHOUZAM, and BLACK, JJ., Concur.