ORFINGER, J.
Damien 0. Macintosh appeals, his five-year sentence.for. grand theft and assault. Although the sentence was authorized by the Criminal Punishment. Code, section 921.002, Florida Statutes (2014), Macintosh correctly argues that the trial' court violated his due process rights by basing his sentence, at least in part, on uncharged or dismissed offenses. See Crouse v. State, 101 So.3d 901, 903 (Fla. 4th DCA 2012) (holding that while sentencing court may consider “any and all information that reasonably might bear on the proper sentence,” it may not consider “unsubstantiated allegations of misconduct”);
Yisrael v. State, 65 So.3d 1177, 1178 (Fla. 1st DCA 2011) (holding that “[c]on-sideration of pending or dismissed charges during sentencing results in a denial of the defendant’s due process rights”).
In this case, the trial court’s comments indicate that the sentence was influenced by its belief that Máclntosh had committed uncharged acts of violence against another individual. Although this may be a proper sentencing consideration, here, the allegations of violence were unsubstantiated hearsay from the assistant state attorney, to which Macintosh objected. Because we cannot determine whether Macintosh’s sentence was influenced by the consideration of the improper argument, we remand for resentencing by a different judge. See McGill v. State, 148 So.3d 531 (Fla. 5th DCA 2014); Reese v. State, 639 So.2d 1067 (Fla. 4th DCA 1994).
REVERSED and REMANDED.
BERGER and EDWARDS, JJ., concur.