IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DAMON ALFONSO TANNER,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2717

Opinion filed March 18, 2016.

An appeal from the Circuit Court for Escambia County.
Ross M. Goodman, Judge.

Nancy A. Daniels, Public Defendant, and Laurel Cornell Niles, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Michael L. Schaub, Assistant Attorney General, Tallahassee, for Appellee.

RAY, J.

Damon Alfonso Tanner seeks review of his sentence for possession of a firearm by a convicted felon, arguing that the sentencing court violated his right to due process in considering a pending charge. We agree. The State presented evidence that Tanner was arrested for possession of an unspecified drug while he

was out of jail on bond awaiting sentencing. The evidence submitted in support of this claim was legally insufficient to establish that Tanner possessed the substance in question or that the substance was in fact an illegal drug. Nevertheless, the court determined that the new charge, in combination with other factors, showed that Tanner is a risk to society and has been engaged in an escalating pattern of criminal activity. The sentencing court's reliance on the pending charge constituted fundamental error under this Court's precedent.

To show the error, Tanner relies on the analysis of the Fourth District Court of Appeal in Norvil v. State, 162 So. 3d 3, 9 (Fla. 4th DCA 2014) (en banc), review granted, 168 So. 3d 227 (Fla. 2014). We need not apply the Norvil analysis, because our case law establishes that reliance on pending or dismissed charges during sentencing violates the defendant's right to due process, Yisrael v. State, 65 So. 3d 1177, 1178 (Fla. 1st DCA 2011), especially where, as here, the evidence presented to show that a new offense occurred amounts to "unsubstantiated allegations of wrongdoing." See Martinez v. State, 123 So. 3d 701, 703 (Fla. 1st DCA 2013) (citing Reese v. State, 639 So. 2d 1067, 1068 (Fla. 4th DCA 1994)). Because it is unclear whether the court would have imposed the same sentence absent consideration of the pending charge, we must reverse the sentence and remand for resentencing by a different judge. See Yisrael, 65 So. 3d at 1178.

REVERSED and REMANDED.

2

WOLF and WETHERELL, JJ., CONCUR.