IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MARC CHANTELE
WILLIAMS,

       Appellant,

v.

STATE OF FLORIDA,

       Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1923

Opinion filed June 7, 2016.

An appeal from the Circuit Court for Alachua County.
Aymer L. Curtin, Judge.

Nancy A. Daniels, Public Defender, and Megan Long, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Michael Schaub, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

       Appellant seeks review of his conviction and sentence for possession of cocaine with the intent to sell. We affirm Appellant's conviction without further comment, but because we agree with Appellant that the trial court fundamentally

erred when it based his sentence on unsubstantiated allegations of misconduct, we reverse Appellant's sentence and remand for resentencing before a different judge.

Appellant was convicted after a jury trial of possession of cocaine with the intent to sell, a second-degree felony punishable by up to 15 years in prison. His scoresheet reflected a lowest permissible sentence of a non-state prison sanction, but based on Appellant's "lengthy criminal history of convictions [and] arrests," the prosecutor requested a five-year prison sentence followed by five years of drug offender probation. Appellant[1] requested 24 months of drug offender probation in a "level-two program."

The trial court sentenced Appellant to 10 years in prison followed by five years of drug offender probation. The court explained its rationale for this longer-than-requested sentence as follows:

> The reason I have sentenced him to this sentence is because I believe that he has either been directly or indirectly involved in the threatening of witnesses in the cases against him, both in this case and in the past. And he comes across as being one-type person, and I don't believe that, out on the street, he's that person, and I believe that he has been a drug dealer for a long, long time, and I believe that he has endangered peoples' lives while he was doing that by committing acts of violence or threatening towards them. That's why I gave him more than you asked for.

---

[1] Appellant represented himself at the sentencing hearing.

2

(emphasis added). Additionally, at the conclusion of the sentencing hearing, the court stated to the prosecutor: "He has been harassing your witnesses, and I was concerned about that, and I think I needed to make a statement to him. He needs to quit that."

On appeal, Appellant contends that the trial court committed fundamental error when it based his sentence on unsubstantiated claims that he threatened witnesses in this case and prior cases. We agree.

"A sentence imposed within the statutory limits . . . is generally unassailable on appeal." Martinez v. State, 123 So. 3d 701, 703 (Fla. 1st DCA 2013). However, an exception to this general rule exists when the sentence is based on constitutionally impermissible factors, such as unsubstantiated allegations of wrongdoing. Id. ("Taking 'unsubstantiated allegations of wrongdoing' as established fact violates due process." (quoting Reese v. State, 639 So. 2d 1067, 1068 (Fla. 4th DCA 1994))); see also Craun v. State, 124 So. 3d 1027 (Fla. 2d DCA 2013) (remanding for resentencing where trial court specifically relied on speculation that defendant continued co-defendant's ongoing scheme of defrauding victims); Epprecht v. State, 488 So. 2d 129, 131 (Fla. 3d DCA 1986) (holding that speculation that defendant probably committed other crimes was impermissible sentencing consideration). This is because "a sentence based on mere allegation or

surmise violates the fundamental constitutional rights of the defendant." Martinez, 123 So. 3d at 704.

At the sentencing hearing, the prosecutor asserted that Appellant had several prior cases in which the charges against him were dropped because the state could not get witnesses to testify.[2] The prosecutor implied that Appellant had threatened the witnesses not to testify in the prior cases, and she argued that this information was "very relevant" because there were witnesses in the present case who were scared to testify because they had been threatened.

There was no record evidence of witness threats in this case,[3] nor was there any evidence that Appellant was charged with threatening witnesses in the prior cases. However, it is clear from the trial judge's comments at the sentencing hearing that he accepted as true, and based his sentencing decision on, the

_____

[2] The prosecutor identified "three different cases . . . that were dropped because we were unable to get witnesses to testify." She stated that one of the cases "was dropped, nolle 2-R, which is that we can't find the witnesses . . . we couldn't get them to testify or we couldn't find them," and the other two cases were dropped because "the witnesses were not going to testify." And, when discussing a more recent case against Appellant that was dropped, the prosecutor stated that the victim "was very scared," but she also acknowledged that she had concerns with the victim's candor and her ability to prove the case.

[3] The prosecutor stated that "in [the present] case, we had witnesses who were -- and I made it on the record, notified the Court several times at different hearings, that they were scared to testify, that they had been threatened, and that they did not want to testify because of actions and threats that were made to them." However, the record on appeal does not contain transcripts of the hearings referred to by the prosecutor.

prosecutor's assertions that Appellant threatened witnesses in this case and her implied assertions that he had threatened witnesses in prior cases.

Although it was not necessarily improper for the trial court to consider Appellant's prior arrests not resulting in convictions at sentencing,[4] it was improper for the court to base Appellant's sentence in whole or in part on uncharged and wholly unsubstantiated allegations of wrongdoing. And because we are unable to say that the trial court would have imposed the same sentence absent consideration of the impermissible factors, we are required to reverse and remand for resentencing before a different judge. See Yisreal v. State, 65 So. 3d 1177, 1178 (Fla. 1st DCA 2011), approved by Norvil v. State, 41 Fla. L. Weekly S190 (Fla. Apr. 28, 2016); Macintosh v. State, 182 So. 3d 888 (Fla. 5th DCA 2016); Mosely v. State, 40 Fla. L. Weekly D2513 (Fla. 2d DCA Nov. 6, 2015).

AFFIRMED in part; REVERSED in part; REMANDED for resentencing.

WOLF, WETHERELL, and KELSEY, JJ., CONCUR.

---

[4] "[A] trial court can consider a defendant's prior arrests not leading to convictions for purposes of sentencing so long as the court recognizes that these arrests are not convictions or findings of guilt, and the defendant is given an opportunity to explain or offer evidence on the issue of his prior arrests." Crosby v. State, 429 So. 2d 421, 422 (Fla. 1st DCA 1983).

5