PER CURIAM.
Michael Lewis-Steven Johns appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court's order without comment except as to claim three. As to that claim, we reverse.
In claim three, Johns argues that trial counsel was ineffective for failing to argue that the trial court improperly considered impermissible matters-his "psychopathy" and that he might "be a budding psychopath" when there was no evidence to support the trial court's observations. A defendant's due process rights are violated when a trial court considers unsubstantiated matters at sentencing. See McGill v. State, 148 So. 3d 531, 531-32 (Fla. 5th DCA 2014) (citing Crouse v. State, 101 So. 3d 901, 903 (Fla. 4th DCA 2012) ). The failure to preserve such an issue for appeal may well be ineffective assistance of counsel.
As such, we reverse the trial court's summary denial of claim three. On remand, the trial court should either attach additional records to conclusively refute the claim or hold an evidentiary hearing. The court must then decide whether Johns has established that his counsel's performance was deficient and if he was prejudiced as a result. See Grosvenor v. State, 874 So. 2d 1176, 1178 (Fla. 2004).
AFFIRMED in part; REVERSED in part; and REMANDED.
ORFINGER, COHEN and WALLIS, JJ., concur.