# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-0704

_____

RILEY ADAIR SMITH,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____


On appeal from the Circuit Court for Escambia County.
Gary L. Bergosh, Judge.

February 28, 2024


ON MOTION FOR REHEARING

The Court grants Appellant's Motion for Rehearing filed August 23, 2023, withdraws its opinion rendered August 9, 2023, and substitutes the following in its place.


PER CURIAM.

AFFIRMED.

ROWE and KELSEY, JJ., concur; TANENBAUM, J., concurs with opinion.

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

TANENBAUM, J., concurring.

The appellant is correct that the error he argues on appeal is not a "sentencing error" that requires a motion under rule 3.800(b) as a condition precedent to our consideration of it. *Jackson v. State*, 983 So. 2d 562, 572, 574 (Fla. 2008) (recognizing distinction between "sentencing errors," which are "apparent in *orders* entered as a result of the sentencing process" and are subject to the requirements of rule 3.800(b), and an "error in the sentencing process" itself, which are not subject to those requirements). Our affirmance with a citation to *Jackson*—indicating that we would not consider his fundamental error argument at all because he did not raise it in a rule 3.800(b)(2) motion—is being withdrawn accordingly. After consideration of his argument in favor of vacating the sentence, however, we still must affirm.

The appellant contends that he was deprived of his right to due process because, according to him, the trial court imposed a thirty-year, habitual felon sentence on a conspiracy to commit armed robbery based on an impermissible sentencing factor. *Cf. Yisrael v. State*, 65 So. 3d 1177, 1178 (Fla. 1st DCA 2011), *approved sub nom. Norvil v. State*, 191 So. 3d 406 (Fla. 2016) ("Consideration of pending or dismissed charges during sentencing results in a denial of the defendant's due process rights."); *State v. Potts*, 526 So. 2d 63, 63 (Fla. 1988) ("The state through its criminal process may not penalize someone merely for the status of being under indictment or otherwise accused of a crime, as it has attempted to do here."). The trial court discussed quite a bit at sentencing the fact that one of the co-conspirators shot and killed the target of that conspiracy during the robbery. Whether the trial court sentenced the appellant based in part on this fact is unclear. Even if it had, though, there is no fundamental error to be found because the link between the killing and the robbery that the appellant

2

conspired to commit was not an "unsubstantiated" fact. *Cf. Williams v. State*, 193 So. 3d 1017, 1018 (Fla. 1st DCA 2016) (noting "constitutionally impermissible factors, such as unsubstantiated allegations of wrongdoing").

_____

Jessica J. Yeary, Public Defender, and Megan L. Long, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Zachary F. Lawton, Assistant Attorney General, Tallahassee, for Appellee.