# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-3019
LT Case Nos. 2018-CF-019504-A
2019-CF-055781-A
2019-CF-055782-A
2019-CF-055861-A
2021-CF-015533-A
2022-CF-014012-A

_____

ELIAS JAI GRANT,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Brevard County.
Aaron Peacock, Judge.

Matthew J. Metz, Public Defender, and Susan A. Fagan,
Assistant Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Alyssa M.
Williams, Assistant Attorney General, Daytona Beach, for
Appellee.

November 15, 2024

HARRIS, J.

Elias Jai Grant appeals the trial court's order denying his motion to withdraw plea and the judgments and sentences entered against him, arguing in part that the court considered impermissible sentencing factors. We agree with Grant that the trial court relied upon impermissible sentencing factors and therefore reverse and remand for resentencing before a different judge. We find no merit to the remaining issues raised by Grant.

At the time he entered an open plea to the court, Grant had six pending felony cases with a variety of charges, including robbery with a firearm, aggravated battery with a firearm, burglary of a dwelling, fleeing or attempting to elude, tampering with a witness (underlying life felony) as well as multiple drug offenses. His agreement with the State was that he would receive no more than fifteen years in prison (with some supervision to follow) but that he could request a youthful offender sentence. In exchange for his no contest plea, the State agreed to nolle pros two of Grant's cases as well as some of the counts in his remaining cases.

At Grant's sentencing hearing, the court heard from an Officer Morris, who testified why he believed Grant should not receive a Youthful Offender sentence. During his testimony, Morris described the circumstances of a crime for which Grant was charged but that the State ultimately nolle prossed pursuant to the plea agreement. Grant's defense counsel objected, arguing that Morris should not be allowed to testify to the facts of this particular crime. The State argued that the testimony went towards Grant's character and whether he deserved to be sentenced as a Youthful Offender. The court agreed with the State and Morris continued to testify regarding specific facts of crimes to which Grant was not pleading.

The State also called Deputy Shedrick, who testified about a homicide case in which Grant tampered with a witness, but acknowledged that Grant was not charged with this crime. Shedrick also briefly testified about a robbery he investigated in which Grant was the suspect. The court, noting that the State ultimately dropped that case against Grant, asked Shedrick whether he got "any sense that [it] was an unfounded case at any point." Shedrick replied that he believed there was strong enough

2

evidence to show that Grant was involved but because Grant and the victim had a relationship, the victim was uncooperative.

In closing arguments, the State requested a sentence between ten to fifteen years' imprisonment followed by a fifteen-year probationary term, while Grant requested a Youthful Offender Sentence with a total of six years' imprisonment followed by two years' community control and two years' probation.

Prior to pronouncing Grant's sentence, the trial judge commented that he considered what each party stated and all of the testimony equally, noting that he must exercise his judgment. The judge stated that, similar to the use of *Williams*[1] rule evidence in a trial, he could "use other behaviors and other acts that are similar to factor in . . . a sentencing." The judge then began discussing the facts of a robbery with a firearm for which Grant was charged after he turned eighteen years old. The judge noted that after Grant spent a year-and-a-half in county jail, the case was nolle prossed but then Grant committed another robbery with a firearm within six weeks of being released. The judge then commented that, while back in jail, Grant tampered with a witness and then later orchestrated a highly sophisticated drug distribution plan to bring fentanyl and methamphetamine into the county jail. The court noted, pursuant to the plea agreement, Grant benefited from the reduced or nolle prossed charges. Grant did not plea to any of these charges.

The court declined to sentence Grant as a Youthful Offender and sentenced him to a total of fifteen years' incarceration followed by three years of probation. Grant subsequently moved to withdraw his plea, arguing in part that the trial court considered impermissible sentencing factors, specifically, basing its sentencing on uncharged offenses. The court denied Grant's motion without a hearing, finding that the record refuted Grant's allegations. This was error.

---

[1] *Williams v. State*, 110 So. 2d 654 (Fla. 1959).

3

Grant asserts that the trial court[2] referenced his prior bad acts that were nolle prossed, specifically, a prior robbery, when the judge stated:

> So, the question is, how much do I factor in this second robbery? So the answer is, doesn't score, so it doesn't score . . . But you know, it's kind of like Williams Rule . . . you can use other behaviors and other acts that are similar to factor in, in a trial, or in my view in a sentencing. And what do we have? You've got an allegation, and I'm sure it didn't go down, they never do, exactly how the police said it went down. It never happens exactly like that. But the allegation which led to a filing, and according to, you know, accept with the officer and [the prosecutor] said, you've got an uncooperative victim, that happens. Mr. Grant does another robbery with a firearm. A Mag-10 weapon. It was found in his possession or his mother's house after the young woman he was driving with said that, said that the gun was there. It's charged - - you know, I mean, I don't even know . . . what he would score if that was scored in his Scoresheet, but he's not scored. I'm just pointing out that he commits this act two months or six weeks out of getting out of jail for a year and half. . . . and the fleeing and eluding, and the tampering, and the orchestration of the drug distribution at the jail . . . .

"Although it is permissible for the trial court to consider the circumstances surrounding the primary offense and the defendant's prior record, . . . consideration of subsequent misconduct or pending or dismissed charges is constitutionally impermissible and violates a defendant's due process rights." *Nichols v. State*, 283 So. 3d 947, 950 (Fla. 2d DCA 2019); *see also*

---

[2] The Honorable David C. Koenig, presiding.

4

*Martinez v. State*, 123 So. 3d 701, 703 (Fla. 1st DCA 2013) ("[A] sentence cannot stand, at least on direct appeal, if the sentencing judge considered constitutionally impermissible factors in arriving at the sentence. Relying on pending or dismissed charges, in effect deeming such charges established without proof or a conviction, violates a defendant's right to due process." (citations omitted)). It is the State's burden to show that the court did not rely upon impermissible factors. *Norvil v. State*, 191 So. 3d 406, 409 (Fla. 2016).

Here, the court explicitly stated that it could consider the dropped robbery charge during sentencing. Moreover, the court even noted specific facts about the dropped robbery charge (the specific type of weapon and where it was found). In fact, on appeal, the State acknowledges that the court "mentioned" the dropped robbery charge. The court's comments go far beyond simply mentioning the dropped charge. The court's statements indicate that it may have relied upon this specific charge in imposing his sentence, and the State has failed to show otherwise. "Because the court's comments could reasonably be construed as basing the sentence, at least in part, [on impermissible factors]," and because it cannot be said "that the sentence would have been the same without the court's impermissible consideration of [that factor]," we are compelled to vacate Grant's sentence and remand for resentencing before a different judge. *Kenner v. State*, 208 So. 3d 271, 278 (Fla. 5th DCA 2016); *see also Yisrael v. State*, 65 So. 3d 1177, 1178 (Fla. 1st DCA 2011) (reversing and remanding for resentencing where court commented, "there are other victims apparently that don't want to testify. So the Court is going to sentence you to [the maximum possible sentence] of 30 years' Florida State Prison").

REVERSED; SENTENCE VACATED; REMANDED for resentencing before a different judge.

EDWARDS, C.J., and SOUD, J., concur.

5

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____