PER CURIAM.
 

 In this direct criminal appeal, appellant seeks review of his conviction for lewd and lascivious molestation by a person 18 years of age or older on a person younger than 12, and of his resulting sentence to life in prison. He raises four issues. We conclude that all lack merit. We address each issue briefly, however, for the benefit of the parties and their lawyers.
 

 Appellant first claims that the trial court erred in admitting evidence of collateral acts of child molestation because those acts were not sufficiently similar and because they became a feature of the trial. We disagree. We believe the collateral acts were “strikingly similar” to that with which appellant was charged, and that they did not become a feature of the trial.
 

 Appellant next claims that the trial court erred in failing to grant his motion for a mistrial made after appellant responded in the affirmative to the prosecutor’s question regarding whether appellant was in the country illegally. The trial court sustained appellant’s objection, and instructed the jury that whether appellant was in the country illegally was irrelevant to the factual determinations they must make and, therefore, should be disregarded. Given the single brief mention of appellant’s status as an illegal immigrant and the overwhelming evidence of guilt, we cannot say that the trial court abused its discretion in denying the motion for a mistrial.
 

 Appellant also claims that the trial court erroneously overruled an objection to a question regarding appellant’s residence. Again, we disagree. The prosecutor asked appellant his address on the date of the incident. In a non-responsive answer, appellant testified that he had been living in a “Christian ministry program” which he was not permitted to leave. The question was clearly relevant because it was designed to establish that appellant was living in relatively close proximity to
 
 *856
 
 the place where the incident occurred. It only became problematic when appellant gave a non-responsive answer. Moreover, it is equally possible that the answer helped, rather than hurt, appellant because the jury might have inferred that, because appellant was not free to leave the property, he could not have committed the offense.
 

 Appellant’s final claim is that, as applied to him, the statutory scheme which requires a sentence of either life in prison or not less than 25 years in prison followed by probation or community control for the remainder of the offender’s life constitutes cruel and unusual punishment in violation of the state and federal constitutions. We are unable to agree that this punishment is “grossly disproportionate” to the offense appellant committed. Accordingly, pursuant to the analysis set out in
 
 Adaway v. State,
 
 902 So.2d 746 (Fla.2005), the punishment is not cruel and unusual pursuant to either the state or the federal constitution.
 

 Appellant’s conviction and sentence are affirmed.
 

 AFFIRMED.
 

 WEBSTER, WETHERELL, and MARSTILLER, JJ„ concur.