IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STEPHEN C. HANF,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-1158

Opinion filed December 18, 2015.

An appeal from the Circuit Court for Leon County.
Jackie L. Fulford, Judge.

Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Giselle Denise Lylen, Assistant Attorney General, Tallahassee, for Appellee.

WOLF, J.

Appellant challenges his conviction for lewd or lascivious molestation of a victim, L.C., a child younger than 12 years of age, and appellant's resulting sentence of life without the possibility of parole. He raises a number of issues on appeal. We affirm but write to address briefly one issue: whether the sentence violates the ban on cruel and unusual punishment.

L.C., a close friend of appellant's daughter, testified that when she was 11 years old, she spent the night at appellant's home. During the night she awoke to find appellant standing by her head and touching her upper thigh. Appellant then began to rub her upper arm and breast area. When asked to indicate what part of her breast area was touched, the prosecutor stated for the record that L.C.'s left hand cupped her (presumably right) breast. At the time of the incident, she testified, she was wearing pajama pants, a T-shirt, and a "small bra."

The unwanted touching in a sexual manner was not an isolated incident but part of a similar pattern of behavior testified to at trial by three other victims.[1] J.H. testified concerning a similar incident that occurred when she was 9 or 10. She was sleeping on a couch at appellant's home when she felt someone rubbing her feet and then spreading her toes apart. Appellant then slid his hand up her leg, halfway up her thigh. When she awoke, appellant apologized and ran from the room.

J.H.T., age 11, testified that when she spent the night at appellant's house, she woke up with appellant touching her on the vaginal area. After several

---

[1] In this case, unlike Yisrael v. State, 65 So. 3d 1177 (Fla. 1st DCA 2011), cited by the dissent, which involved pending or uncharged crimes, the facts of the other crimes were pertinent and introduced at trial in this case. They demonstrated absence of mistake by appellant which is a permissible factor to be considered by the trial court in determining the appropriate sentence. The other incidents in this case are also demonstrative as to why the Legislature was within its constitutional discretion to impose a lengthy sentence for this type of criminal activity.

minutes, he walked away. B.R. testified concerning a similar incident while spending the night at appellant's house.

Appellant was found guilty of lewd or lascivious molestation of L.C. as charged pursuant to section 800.04(5), Florida Statutes. Because appellant was over 18 and his victim was less than 12 years old, the only sentences available were life imprisonment or at least 25 years' imprisonment followed by a lifetime of probation or community control. § 775.082(3)(a)(4), Fla. Stat.

At sentencing, appellant's counsel argued that the 25-year mandatory minimum sentence was appropriate because appellant was 61 years old; he would be in his 80s if he survived the sentence; and upon release, he would be on lifetime sexual offender probation.[2] The trial court sentenced him to life. The State then nolle prossed the charges related to the other incidents.

In Adaway v. State, 902 So. 2d 746 (Fla. 2005), the Florida Supreme Court was asked to address whether a sentence of life imprisonment without the possibility of parole for a defendant found guilty of oral union with the vagina of a

---

[2] While it is unclear to what extent a court may consider the facts of a particular case in the analysis of whether the sentence for a particular charge is considered to be cruel and unusual punishment, see Edwards v. State, 885 So. 2d 1039 (Fla. 4th DCA 2004) (holding that "a proportionality analysis focuses on the crime charged and the legislatively imposed punishment for the crime, not the specific facts of a particular case"), the evidence of the surrounding circumstances presented at trial in this case would clearly support a lengthy term of years sentence which would put appellant in his eighties at the time of his release. Thus, any fact-specific analysis in this case would also fail.

girl under the age of 12 constituted cruel and unusual punishment under either the United States Constitution or Florida Constitution. The court recognized the confusing state of the law in United States Supreme Court precedent regarding the constitutionality of long prison sentences. Id. at 748-49. The court, however, "read the decisions in *Solem*, *Harmelin*, and *Ewing* as requiring, for a prison sentence to constitute cruel and unusual punishment solely because of its length, that at a minimum the sentence be grossly disproportionate to the crime." Id. at 750 (citing Solem v. Helm, 463 U.S. 277 (1983), Harmelin v. Michigan, 501 U.S. 957 (1991), and Ewing v. California, 538 U.S. 11 (2003)).

The court in Adaway established some important concepts. The length of a sentence for a particular crime is generally a legislative prerogative. Id. at 750. Additionally, while a sentence may be perceived as harsh, the Legislature's judgment about the gravity of a crime should generally be accepted, and the Legislature has determined that the sexual abuse of children requires harsh penalties. Id.

The Adaway court quoted a case from the Second District recognizing the need for strict deterrence to protect our children:

> Child sexual predation is a serious concern. Even when it leaves no physical scars, it can create emotional damage that lasts a lifetime. There is evidence that victims of abuse can become abusers and that this crime can transmit its injuries across generations. Because victims hesitate to report this crime and proof of the offense is often difficult to obtain, there is a risk that perpetrators will believe they can escape

4

detection and punishment. As a result, there is a need for a harsh penalty to act as a sufficient deterrent.

Id. at 750-51 (quoting Gibson v. State, 721 So. 2d 363, 368–69 (Fla. 2d DCA 1998) (citing Charles A. Phipps, Children, Adults, Sex and the Criminal Law: In Search of Reason, 22 Seton Hall Legis. J. 1, 107 (1997))).

The court went on to recognize the severe harm that may be caused to young victims of sexual abuse:

> Researchers have identified a long list of harms caused by child sexual abuse, including "fears, anxiety, phobias, sleep and eating disturbances, poor self-esteem, depression, self-mutilation, suicide, anger, hostility, aggression, violence, running away, truancy, delinquency, increased vulnerability to revictimization, substance abuse, teenage prostitution, and early pregnancy." Frank W. Putnam & Penelope K. Trickett, *Child Sexual Abuse: A Model of Chronic Trauma*, 56 Psychiatry 82, 84 (1993); *see also* Kathleen A. Kendall–Tackett et al., *Impact of Sexual Abuse on Children: A Review and Synthesis of Recent Empirical Studies*, 113 Psychol. Bulletin 164, 165 (1993) (finding that seven factors stand out in sexually abused children as compared with non-abused children: aggression, anxiety, depression, externalizing, internalizing, sexualized behavior, and withdrawal). Research has further shown that certain adult psychiatric problems, including eating disorders, personality disorders, and somatization disorder (physical symptoms without medical explanation), can be directly related to child sexual abuse. *See* Putnam & Trickett, 56 Psychiatry at 83. Given this array of potentially lifelong harms associated with sexual abuse of children, we will not second-guess the Legislature's judgment that such a crime warrants a lifelong penalty.

Id. at 751.

The court concluded its analysis by determining that Adaway's offense was a substantially greater offense than other offenses for which the United States

5

Supreme Court has upheld life sentences without the possibility of parole. Id. at 751.

This court specifically adopted the analysis set out in Adaway in Oyarvid v. State, 38 So. 3d 854, 856 (Fla. 1st DCA 2010), a case involving the lewd or lascivious molestation of a child under 12 years of age, the same crime that is charged in this case. Oyarvid thus controls our decision in this case.

While one may argue that lewd or lascivious molestation does not rise to the level of other sexual assaults, it still involves an attack of a sexual nature on our most vulnerable citizens. It clearly may cause severe emotional distress to those victims. It also many times, as evidenced by the facts of this case, involves sexual predators who are willing to inflict harm on multiple children. Our decision in Oyarvid was correct. As the supreme court in Adaway, we are unwilling to second-guess the Legislature's determination as to the level of deterrence and punishment necessary to address this type of crime. Thus, we AFFIRM.

RAY, J., CONCURS; BENTON J., CONCURS IN PART AND DISSENTS IN PART WITH OPINION.

BENTON, J., concurring in part and dissenting in part.

I agree that Stephen Hanf's conviction should be affirmed. But I also agree with his contention that a life sentence in this case constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and article I, section 17 of the Florida Constitution.

I.

We must take as a factual starting point the view of the evidence most favorable to the state: L.C., 13 years old at the time of trial, testified that, when she was 11 years old, she was close friends with Mr. Hanf's daughter and spent the night at his home almost every weekend. On one such occasion, she awoke to find him standing by her bedside touching her thigh. Asked at trial if the appellant touched her thigh on the inside or the outside, she answered, "A little bit of both." Asked whether he got "up towards where you go to the bathroom," she answered, "No." She said the appellant rubbed the inside of her thigh with two or three fingers for "[m]aybe a couple of minutes."

After touching her leg, L.C. testified, appellant's hand moved to her upper arm and then to her "breast area." She was then asked to indicate what part of her breast area was touched, and the prosecutor stated for the record that L.C. cupped her breast in response. At the time of the incident, as the majority opinion notes, she was wearing pajama pants, and a T-shirt over a "small bra." After the

7

"cupping," she tried to go back to sleep. She told nobody about the encounter with Mr. Hanf until approximately a year later, when she confided in a friend. On this evidence, the jury found Mr. Hanf guilty of lewd or lascivious molestation of a child younger than 12 years of age.

A lewd or lascivious molestation occurs when a person "intentionally touches in a lewd or lascivious manner <u>the breasts, genitals, genital area, or buttocks, or the clothing covering them</u>, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator." § 800.04(5)(a), Fla. Stat. (2011) (emphasis added). The offense is a second-degree felony—punishable "by a term of imprisonment not exceeding 15 years"—if the offender is 18 years of age or older and the victim is "12 years of age or older but less than 16 years of age." §§ 775.082(3)(c); 800.04(5)(c)2., Fla. Stat. (2011).

Touching the child's leg was not a criminal offense. Nor was touching her arm. But touching the shirt that overlay her bra was a crime. This act was the offense appellant committed, for purposes of a cruel and unusual punishment analysis. Cf. <u>Oyarvid v. State</u>, 38 So. 3d 854, 856 (Fla. 1st DCA 2010) (rejecting the argument that a life sentence was grossly disproportionate to the offense of lewd or lascivious molestation by an adult against a child younger than 12, when the defendant touched the victim's "bottom and . . . private" "inside of [her]

pants").[3]  The majority opinion's eloquent exposition on the psychological harm that sexual abuse may cause children is sobering reading, indeed.  But there was not one scintilla of evidence that L.C. suffered any lasting psychological, moral or physical harm whatsoever.

The particular statutory provision applicable in the present case classifies appellant's offense as a life felony where the offender is 18 years of age or older and the victim is less than 12 years of age.  § 800.04(5)(b), Fla. Stat. (2011).  Such an offense (if committed by a first-time offender) is punishable either by life imprisonment or by a "split sentence that is a term of not less than 25 years' imprisonment and not exceeding life imprisonment, followed by probation or community control for the remainder of the person's natural life."  § 775.082(3)(a)4.a.(I)-(II), Fla. Stat. (2011).  The trial court sentenced appellant, who was 61 years old at the time of trial and had no prior convictions, to life imprisonment under section 775.082(3)(a)4.a.(I), Florida Statutes (2011).

The statute provides that an offense "which is a person's second or subsequent violation of s. 800.04(5)(b)," must be punished by life imprisonment.  § 775.082(3)(a)4.b., Fla. Stat. (2011).  But Mr. Hanf was not charged under this (or

---

[3] The opinion in Oyarvid v. State, 38 So. 3d 854 (Fla. 1st DCA 2010), does not describe the offending conduct, but a court may take judicial notice of its own records (here the victim's testimony at Oyarvid's trial) as requested by appellant. See § 90.202(6), Fla. Stat. (2015).

any other) recidivist provision. He has never been tried for molesting any other child, although "similar fact" evidence did come in (over his objection) under section 90.404(2)(b), Florida Statutes (2012), concerning two other children. After counts concerning these children were severed (they were eventually dropped), Mr. Hanf stood trial only on this charge:

> On or before June 1, 2012, [Stephen Hanf] did unlawfully intentionally touch in a lewd or lascivious manner the breasts, . . . or the clothing covering them, of L.C., a person less than 12 years of age, . . . and the defendant was 18 years of age or older, contrary to Section 800.04(5)(b), Florida Statutes.

In sentencing Mr. Hanf, the trial court was obligated under the cases to limit its consideration to the crime charged, the conduct for which he was tried and convicted. See Yisrael v. State, 65 So. 3d 1177, 1178 (Fla. 1st DCA 2011) ("Consideration of pending or dismissed charges during sentencing results in a denial of the defendant's due process rights.").

The defendant in Yisrael was convicted of familial or custodial sexual battery. Id. at 1177. "At the sentencing hearing, the trial court questioned Yisrael about two other charges for sexual battery (one pending and the other dismissed[)]." Id. at 1178. The Yisrael court reversed and remanded for resentencing because "the trial court's remarks before pronouncing the sentence [we]re reasonably construed as impermissible comments on charges for which Yisrael ha[d] not been tried, amounting to a denial of due process and fundamental

10

error." Id. at 1177; see Gray v. State, 964 So. 2d 884, 885 (Fla. 2d DCA 2007) (reversing defendant's sentence because the trial court considered the details of pending charges); Seays v. State, 789 So. 2d 1209, 1209–10 (Fla. 4th DCA 2001) (reversing sentence when trial court considered defendant's pending attempted murder charge at sentencing); see also State v. Potts, 526 So. 2d 63, 63 (Fla. 1988) ("The state through its criminal process may not penalize someone merely for the status of being under indictment or otherwise accused of a crime.").

## II.

In Adaway v. State, 902 So. 2d 746 (Fla. 2005), our supreme court analyzed the United States Supreme Court's Eighth Amendment jurisprudence and distilled the following principle: "[T]o violate the Cruel and Unusual Punishments Clause, a prison sentence must, at least, be grossly disproportionate to the crime." Id. at 749; see Lockyer v. Andrade, 538 U.S. 63, 72 (2003) ("Through this thicket of Eighth Amendment jurisprudence, one governing legal principle emerges[:] . . . A gross disproportionality principle is applicable to sentences for terms of years."); Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring) ("The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime."); Solem v. Helm, 463 U.S. 277, 288 (1983) ("[T]he Court has continued to recognize that the Eighth Amendment proscribes

11

grossly disproportionate punishments, even when it has not been necessary to rely on the proscription.").  The United States Supreme Court has stated:

> [A] court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.[4]

Solem, 463 U.S. at 292; see Harmelin, 501 U.S. at 1004–05 (Kennedy, J., concurring) ("Solem is best understood as holding that comparative analysis within and between jurisdictions is not always relevant to proportionality review. . . . [I]ntrajurisdictional and interjurisdictional analyses are appropriate only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.").  Under the Florida Constitution, the state's former "prohibition against cruel or unusual punishment,

---

[4] The Solem v. Helm court stated more fully:

> When sentences are reviewed under the Eighth Amendment, courts should be guided by objective factors that our cases have recognized. First, we look to the gravity of the offense and the harshness of the penalty. . . . Of course, a court must consider the severity of the penalty in deciding whether it is disproportionate. . . .
> Second, it may be helpful to compare the sentences imposed on other criminals in the same jurisdiction. . . .
> Third, courts may find it useful to compare the sentences imposed for commission of the same crime in other jurisdictions.

463 U.S. 277, 290–91 (1983) (footnote omitted) (emphasis added).

and the [current] prohibition against cruel and unusual punishment, shall be construed in conformity with decisions of the United States Supreme Court which interpret the prohibition against cruel and unusual punishment provided in the Eighth Amendment to the United States Constitution." Art. I, § 17, Fla. Const.

In <u>Solem</u>, the defendant was convicted of uttering a worthless check in the amount of $100, and sentenced under a recidivist statute to life imprisonment without parole. 463 U.S. at 281–82. The <u>Solem</u> Court concluded that, under the objective criteria set forth above, the sentence was "significantly disproportionate" to the crime and "therefore prohibited by the Eighth Amendment," where the crime of uttering a worthless check was passive and nonviolent; the defendant's six prior felonies were "all relatively minor" and nonviolent; the sentence of life imprisonment without parole was exceeded in severity only by the death penalty; the only other crimes punishable by life imprisonment in the state were murder, treason, first-degree manslaughter, first-degree arson, and kidnapping; and in only one other state in the United States could a similar defendant have been sentenced to life imprisonment without parole. <u>Id.</u> at 296–300, 303.

Since <u>Solem</u>, however, the United States Supreme Court has largely rejected claims that lengthy prison terms amounted to cruel and unusual punishment. In <u>Harmelin</u>, for example, a defendant with no prior felony convictions was convicted of possessing a trafficking quantity of cocaine—672 grams—and sentenced to

mandatory life in prison without the possibility of parole. 501 U.S. at 961, 994. Harmelin's sentence was upheld because "a comparison of his crime with his sentence d[id] not give rise to an inference of gross disproportionality." Id. at 1005 (Kennedy, J., concurring). In Ewing v. California, 538 U.S. 11, 17–18 (2003), the defendant shoplifted three golf clubs with a total retail value of $1200. Ewing was sentenced to twenty-five years to life under California's three strikes law as a "repeat felon." He had three prior convictions for burglary and a prior conviction for robbery. Id. at 14, 19–20. A majority of the Court voted to uphold the sentence, a plurality stating: "In weighing the gravity of Ewing's offense, we must place on the scales not only his current felony, but also his long history of felony recidivism. . . . Ewing's is not 'the rare case in which a threshold comparison of the crime committed and the sentenced imposed leads to an inference of gross disproportionality.'" Id. at 29–30 (quoting Harmelin, 501 U.S. at 1005). But see generally Graham v. Florida, 560 U.S. 48, 59–60, 82 (2010) (discussing Eighth Amendment precedent, and holding the Eighth Amendment prohibits the imposition of a life without parole sentence for juvenile nonhomicide offenders).

The defendant in Adaway had been sentenced to mandatory life imprisonment without parole for capital sexual battery committed by oral union with the vagina of a child under 12 years of age. 902 So. 2d at 746–47. Although the Adaway court decided the penalty was "harsh," it accepted the crime was a

14

grave one based on the Legislature's judgment and given the emotional harm caused to young victims of <u>sexual battery</u>.[5]  <u>Id.</u> at 750–51.  In light of the United States Supreme Court's rulings in <u>Harmelin</u> and <u>Ewing</u>, the <u>Adaway</u> court declared:

> To classify Adaway's life sentence without parole as grossly disproportionate, we would have to conclude that an adult's oral union with the vagina of an eleven-year-old girl is an objectively <u>lesser</u> offense than possessing one and a half pounds of cocaine or shoplifting three golf clubs after previous convictions of three burglaries and a robbery. We are unable to do so. Indeed, Adaway's sexual abuse arguably constitutes a substantially <u>greater</u> offense.

<u>Id.</u> at 751 (emphasis in original).  Mr. Hanf did not actually touch the child's breast in the present case, even with his hand.  In upholding Adaway's sentence, moreover, the court distinguished <u>Solem</u> on the basis that Adaway's offense was "one of the more active and physically threatening felonies a person can commit on a child."  <u>Id.</u> at 751–53.

III.

A.

While "courts should be guided by objective factors" in reviewing sentences

---

[5] The majority opinion's reliance on this language from <u>Adaway v. State</u>, 902 So. 2d 746 (Fla. 2005), is misplaced given the offense charged in that case—capital sexual battery—and the Court's discussion of emotional harm in that context.  <u>See id.</u> at 751 ("We have recognized that '[n]early all sexual battery cases inflict emotional hardship on the victim.' The crime of sexual battery is especially harmful to young victims." (citation omitted)).

under the Eighth Amendment, <u>Solem</u>, 463 U.S. at 290, many cases support the proposition that courts should consider the "circumstances of the defendant's crime in great detail" in determining the gravity of the offense and the harshness of the penalty.  <u>Id.</u> at 291. <u>But see</u> <u>Edwards v. State</u>, 885 So. 2d 1039, 1039 (Fla. 4th DCA 2004) ("[A] proportionality analysis focuses on the crime charged and the legislatively imposed punishment for the crime, not the specific facts of a particular case.").  In <u>Graham</u>, the Supreme Court stated:

> The Court's cases addressing the proportionality of sentences fall within two general classifications. The first involves challenges to the length of term-of-years sentences given <u>all the circumstances in a particular case</u>. The second comprises cases in which the Court implements the proportionality standard by certain categorical restrictions on the death penalty.
> In the first classification the Court considers <u>all of the circumstances of the case</u> to determine whether the sentence is unconstitutionally excessive. Under this approach, the Court has held unconstitutional a life without parole sentence for the defendant's seventh nonviolent felony, the crime of passing a worthless check.

560 U.S. at 59 (emphasis added) (citing <u>Solem</u>); <u>see also</u> <u>id.</u> at 86 (Roberts, C.J., concurring) ("These cases expressly allow courts addressing allegations that a noncapital sentence violates the Eighth Amendment to consider the particular defendant and particular crime at issue.").

The <u>Adaway</u> court analyzed the specific conduct violating the sexual battery statute there.  <u>See</u> 902 So. 2d at 747.  Although joining in finding the life sentence

16

"in this case" constitutional, the concurring opinion in <u>Adaway</u> called into question the statutorily-mandated life sentence for sexual battery given Florida's broad definition of the offending conduct:

> I would request that the Legislature consider addressing whether all conduct now labeled capital sexual battery should in all circumstances yield a mandatory term of life imprisonment. . . . [T]he conduct of the defendant in this case is justifiably punished by a lengthy sentence, particularly in light of a prior record that includes a previous conviction of sexual battery. Yet the question remains whether, under every possible scenario in which the crime of capital sexual battery may be committed, society is well served by warehousing the offender in prison for the remainder of his or her life.

<u>Id.</u> at 753 (Pariente, C.J., concurring) (emphasis omitted).  In contrast to Adaway, who was convicted of capital sexual battery for oral union with the victim's vagina, the appellant in the present case was convicted of lewd or lascivious molestation, an objectively lesser offense classified as a life felony, for touching the victim's clothing covering her breast (with his hand).  Unlike the offender in <u>Ewing</u>, Mr. Hanf had no prior convictions.  Because the trial court imposed the severest penalty short of death nevertheless, Mr. Hanf's Eighth Amendment claim "crosses the gross disproportionality 'threshold.'"  <u>Ewing</u>, 538 U.S. at 37 (Breyer, J., dissenting).

B.

Actual sexual battery of a person older than 12 years of age (§ 794.011(5),

17

Fla. Stat. (2011)), and attempted first-degree murder (§§ 782.04(1)(a)1.; 777.04(4)(b), Fla. Stat. (2011)), are punished less severely in Florida than appellant's offense. Rape is a second-degree felony punishable by a maximum sentence of 15 years' imprisonment, and attempted murder is a first-degree felony punishable by a maximum sentence of 30 years' imprisonment. § 775.082(3)(b)-(c), Fla. Stat. (2011). Florida classifies appellant's offense—lewd or lascivious molestation by an adult—as a second-degree felony (two degrees lower) that is punishable by a maximum sentence of 15 years' imprisonment when the victim is a child between the ages of 12 and 16. §§ 800.04(5)(c)2.; 775.082(3)(c), Fla. Stat. (2011).

The second step of the proportionality analysis calls for a comparison of appellant's sentence to "the sentences imposed on other criminals in the same jurisdiction." Solem, 463 U.S. at 292, 298. Mr. Hanf was sentenced to life in prison. See § 775.082(3)(a)4.a., Fla. Stat. (2011). A non-exhaustive list of felonies punishable in Florida by life imprisonment, see § 775.082(3)(a)3., Fla. Stat. (2011), or for a term of years not exceeding life, see § 775.082(3)(b), Fla. Stat. (2011), includes: second-degree murder (§ 782.04(2), Fla. Stat. (2011)); discharge of a firearm causing death or great bodily harm during the commission of certain enumerated felonies (§ 775.087(2)(a)3., Fla. Stat. (2011)); possession, sale, or use of a weapon of mass destruction (§ 790.166(2), Fla. Stat. (2011));

18

robbery with a firearm or other deadly weapon (§ 812.13(2)(a), Fla. Stat. (2011));

sexual battery by a person less than 18 years of age on a child less than 12 years of

age[6] (§ 794.011(2)(b), Fla. Stat. (2011)); and kidnapping a child under the age of

13 with an additional offense of aggravated child abuse, sexual battery, lewd or

lascivious molestation, or other specified conduct (§ 787.01(3)(a), Fla. Stat.

(2011)).  Mr. Hanf "has been treated in the same manner as, or more severely than,

criminals who have committed far more serious crimes." Solem, 463 U.S. at 299.

## C.

The final step of the proportionality analysis is to "compare the sentences

imposed for commission of the same crime in other jurisdictions."  Solem, 463

U.S. at 299; see Arrington v. State, 113 So. 3d 20, 26–27 (Fla. 2d DCA 2012)

(holding mandatory life without parole sentence to be cruel and unusual after

reviewing the sentences imposed for the same crime "in the three largest states and

the states bordering Florida").  Alabama and Georgia would have punished Mr.

Hanf's offense much less severely, with a maximum sentence of 20 years'

imprisonment.   See Ala. Code §§ 13A-6-69.1(a)-(b);  13A-5-6(a)(2)  (2011)

(providing "sexual abuse of a child less than 12 years old" is a Class B felony

---

[6] As discussed in Adaway v. State, 902 So. 2d 746, 748 (Fla. 2005), sexual battery by an adult on a child less than 12 years of age is a capital felony punishable by a mandatory sentence of life imprisonment.  § 794.011(2)(a), Fla. Stat. (2011).

19

punishable by "not more than 20 years or less than 2 years")[7]; Ga. Code Ann. § 16-6-4(a)(1), (b)(1) (West 2011) (providing "child molestation" is punishable "by imprisonment for not less than five nor more than 20 years").[8]

The same is true in the nation's other most populous states: California, Texas, and New York. See Cal. Penal Code § 288(a) (West 2011) (providing "any lewd or lascivious act" upon a child younger than 14 years of age "shall be punished by imprisonment in the state prison for three, six, or eight years")[9]; N.Y. Penal Law §§ 130.65(4); 70.80(1)(a), (4)(a)(iii) (McKinney 2011) (providing "sexual abuse in the first degree" is a class D felony sex offense punishable by a term of imprisonment that "must be at least two years and must not exceed seven

---

[7] "A person commits the crime of sexual abuse of a child less than 12 years old if he or she, being 16 years old or older, subjects another person who is less than 12 years old to sexual contact." Ala. Code § 13A-6-69.1(a) (2011). Sexual contact is defined as "[a]ny touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party." Ala. Code § 13A-6-60(3) (2011).

[8] "A person commits the offense of child molestation when such person: (1) Does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]" Ga. Code Ann. § 16-6-4(a) (West 2011).

[9] "[A]ny person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years." Cal. Penal Code § 288(a) (West 2011).

20

years")[10]; Tex. Penal Code Ann. §§ 21.11(a)(1), (d); 12.33(a) (Vernon 2011) (providing "indecency with a child" through sexual contact is a "felony of the second degree" punishable by any term of imprisonment "not more than 20 years or less than 2 years").[11]

Although this is not a comprehensive survey of all 50 states, it is clear that none of the foregoing states authorizes a first-time offender such as Mr. Hanf to be sentenced to life imprisonment for the crime he committed.[12] The intrajurisdictional and interjurisdictional comparative analysis "validate[s] [the] initial judgment that [appellant's] sentence is grossly disproportionate," and

---

[10] "A person is guilty of sexual abuse in the first degree when he or she subjects another person to sexual contact: . . . (4) When the other person is less than thirteen years old and the actor is twenty-one years old or older." N.Y. Penal Law § 130.65(4). (McKinney 2011). "'Sexual contact' means any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing, as well as the emission of ejaculate by the actor upon any part of the victim, clothed or unclothed." N.Y. Penal Law § 130.00(3) (McKinney 2011).

[11] "A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person: (1) engages in sexual contact with the child or cause the child to engage in sexual contact." Tex. Penal Code Ann. § 21.11(a) (Vernon 2011). "In this section, 'sexual contact' means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child." Tex. Penal Code Ann. § 21.11(c) (Vernon 2011).

[12] For example, Georgia provides that "upon a second or subsequent conviction of an offense of child molestation, the defendant shall be punished by imprisonment for not less than ten years nor more than 30 years or by imprisonment for life." Ga. Code Ann. § 16-6-4(b)(1) (West 2011).

21

demonstrates his life sentence is cruel and unusual.  Harmelin, 501 U.S. at 1005

(Kennedy, J., concurring); see Solem, 463 U.S. at 303.

IV.

Appellant's life sentence, with no chance of parole, for touching the outer

garment covering a child's breast constitutes cruel and unusual punishment in

violation of the federal and state constitutions.  I therefore respectfully dissent from

the court's decision insofar as it upholds appellant's sentence.